IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

EMESE M. VARGA,

       Plaintiff,

                                        Civ. Action No.
                                        3:10-CV-0559 (MAD/DEP)

   v.

RENT-A-CENTER EAST, INC.,

       Defendant.

_____

APPEARANCES:                             OF COUNSEL:

FOR PLAINTIFF:

FINKELSTEIN & PARTNERS, LLP       ANDREW J. GENNA, ESQ.
1279 Route 300                           ELEANOR L. POLIMENI, ESQ.
Newburgh, New York 12550            KENNETH B. FROMSON, ESQ.

FORMER COUNSEL:

LAW OFFICE OF RONALD R.           RONALD R. BENJAMIN, ESQ.
BENJAMIN
P.O. Box 607
126 Riverside Drive
Binghamton, New York 13902-0607

FOR DEFENDANT:

SMITH MAZURE LAW FIRM             MARK D. LEVI, ESQ.
111 John Street                          GEORGE S. KOLBE, ESQ.
20th Floor
New York, New York 10038

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

DECISION AND ORDER

This personal injury action, which has been settled, comes before the court for resolution of a fee dispute between the attorney who represented the plaintiff at the outset and the firm that was substituted in his place relatively early in the case, and thereafter represented the plaintiff through the time of settlement. That fee dispute has been referred to me for the issuance of a recommended resolution, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 54(d)(2)(D).

I. BACKGROUND

Plaintiff's claims in this case stem from an automobile accident that occurred on April 29, 2010, resulting in serious injuries to plaintiff Emese M. Varga. *See generally* Dkt. No. 1. On or about May 8, 2010, plaintiff retained Ronald R. Benjamin, Esq., on a contingency-fee basis to represent her in connection with any claim arising from the accident.[1] Dkt.

---

[1] Although the record does not include a copy of Attorney Benjamin's retention letter that would confirm the terms of his fee agreement with plaintiff, in his submissions to the court, Attorney Benjamin indicates that he represented plaintiff on a contingency-fee basis. Dkt. No. 69 at 1. I note, moreover, that the parties' arguments are grounded in the law governing contingency-fee liens. Dkt. No. 71 at 2; Dkt. No. 72 at 7.

No. 69 at 1; Dkt. No. 72 at 4.

Based upon the limited information now before the court, it appears that, following his engagement with plaintiff, Attorney Benjamin conducted an investigation into the accident, interviewed first responders, met with the plaintiff on multiple occasions both in the hospital and at her home, traveled to the scene of the accident to gather evidence and attempt to reconstruct the relevant events, obtained a police report concerning the incident, made freedom-of-information-law requests to the Village of Bainbridge and the Chenango County Highway Department, performed research, and drafted and filed the complaint in this action, which was commenced on May 13, 2010. Dkt. No. 69 at 1; Dkt. No. 71 at 3-4.

Shortly after commencement of this action, plaintiff discharged Attorney Benjamin, and retained the law firm Finkelstein & Partners, LLP ("F&P"). The record, however, is not clear as to the precise date on which plaintiff discharged Attorney Benjamin. Attorney Benjamin originally argued that he represented plaintiff "through July 2010," Dkt. No. 69 at 1, but F&P argues that plaintiff discharged Attorney Benjamin "by letter dated June 9, 2010," and that Attorney Benjamin acknowledged receipt of that letter on June 11, 2010, Dkt. No. 70 at 1; Dkt. No. 72 at 4. There appears

to be no dispute, however, that plaintiff retained F&P to represent her in this matter on May 25, 2010. Dkt. No. 72 at 4. The court has been provided with little information concerning the substitution, but, significantly, F&P has acknowledged that Attorney Benjamin was not discharged for cause. Dkt. No. 72 at 4.

Following the receipt of plaintiff's discharge letter, Attorney Benjamin sought and received repayment for the disbursements advanced by him on the plaintiff's behalf. Dkt. No. 72 at 4. However, at the time of the substitution, which was formalized on the court's records on July 19, 2010, Dkt. No. 7, Attorney Benjamin and F&P left a determination as to the apportionment of attorney fees to be addressed at the conclusion of the action, Dkt. No. 72 at 4.

Following the retention of F&P, the case was actively litigated. *See generally* Docket Sheet. The parties engaged in considerable discovery, including the exchange of expert reports, and motions were brought by the plaintiff before the trial judge seeking an order dismissing defendant's affirmative defense and striking the report of one of defendant's experts. Dkt. Nos. 31-36, 40-54. A notice was ultimately sent by the court advising the parties that a jury trial was scheduled for October 29, 2012. Dkt. No.

62. In anticipation of trial, and at the request of the parties, District Judge Mae A. D'Agostino conducted a settlement conference on October 5, 2012, that resulted in settlement of the case in the amount of $2.3 million. Dkt. No. 63; Text Minute Entry dated Oct. 5, 2012.

Based upon that settlement, and the contingency fee arrangement between plaintiff and F&P, attorney fees payable from that settlement have been quantified in the amount of $741,698.79. Dkt. No. 72 at 5.

## II. PROCEDURAL HISTORY

On October 29, 2012, Attorney Benjamin filed a letter with the court requesting permission to file a motion to enforce a charging lien upon the proceeds of the settlement, pursuant to N.Y. Judiciary Law § 475. Dkt. No. 69. F&P responded by letter dated October 30, 2012, in which the firm implicitly acknowledged Attorney Benjamin's right to share in the attorney fees, and maintained that an evidentiary hearing should be conducted to determine the proper apportionment. Dkt. No. 70.

On November 5, 2012, the court held a telephone conference concerning the issue. Text Minute Entry dated Nov. 5, 2012. During that conference, Attorney Benjamin was granted permission to file an application to quantify the attorney charging lien, and the court afforded

F&P an opportunity to respond. *Id.* The parties have since filed the anticipated submissions with the court. Dkt. Nos. 71 and 72. Rather than applying for attorney fees and providing the court with the information necessary to begin the apportionment process, however, Attorney Benjamin instead has requested the opportunity to engage in discovery in order to assist him in developing the information necessary to support his claim. Dkt. No. 71. F&P has opposed that request. Dkt. No. 72.

III. <u>DISCUSSION</u>

By statute, New York recognizes the existence of a charging lien in favor of an attorney who appears in an action, but is subsequently replaced. N.Y. Judiciary Law § 475; *see also Casper v. Lew Liberbaum & Co., Inc.,* 97-CV-3016, 1999 WL 335334, at *5 (S.D.N.Y. May 26, 1999). Section 175 of the N.Y. Judiciary Law provides, in pertinent part, as follows:

> From the commencement of an action . . . in any court . . ., the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination.

6

N.Y. Judiciary Law § 475.

Under section 475, "[t]he court[,] upon the petition of the client or attorney[,] may determine and enforce the lien." N.Y. Judiciary Law § 475; *see also Casper,* 1999 WL 335334, at *5. "By its terms, a charging lien attaches to the client's ultimate recovery in the same case.*" Casper,* 1999 WL 335334, at *8. The right to assert a charging lien under section 475 is relinquished only when the attorney is terminated by the client for cause, or withdraws without proper justification. *Cruz v. Olympia Trails Bus Co.,* 99-CV-10861, 2002 WL 1835440, at *4 (S.D.N.Y. Aug. 8, 2002); *Casper,* WL 1999 WL 335334, at *5. Because neither of these limitations apply in this case, the court concludes that Attorney Benjamin is entitled to assert a charging lien under section 475.

The more difficult issue is the question of quantifying the outgoing attorney's charging lien. In a case such as this, where the dispute is between attorneys who have represented a prevailing party, the outgoing attorney may either elect to take compensation on the basis of a fixed dollar amount, calculated based upon *quantum meruit* to approximate the reasonable value of his or her services, or, "in lieu thereof, the outgoing attorney has the right to elect a contingent percentage fee based on the

proportionate share of the work performed on the whole case." *Lai Ling Cheng v. Modansky Leasing Co.*, 73 N.Y.2d 454, 458 (N.Y. 1989); *see also Ballow Brasted O'Brien & Rusin P.C. v. Logan,* 435 F.3d 235, 241 (2d Cir. 2006); *Buchta v. Union-Endicott Cent. School Dist.,* 296 A.D.2d 688, 689 (N.Y. App. Div. 3d Dep't 2002).

Among the factors informing the determination of a proper apportionment between attorneys are "the time and labor spent by each, the actual work performed, the difficulty of the questions involved, the skill required to handle the matter, the attorney's skills and experience, and the effectiveness of counsel in bringing the matter to resolution." *Buchta*, 296 A.D. 2d at 689-90 (internal quotation marks, citations, alternations omitted); *see also Cheng*, 73 N.Y. 2d at 458 (listing "the amount of recovery [that] can be ascertained" as an additional factor for consideration).

Here, the record now before the court is woefully lacking in the information needed to meaningfully apply these factors. I agree with Attorney Benjamin that at least some amount of discovery is appropriate to allow the court to determine the attorneys' skills, experience, and the work performed in connection with this action. Once such limited

8

discovery has been exchanged, the court will invite submissions that, ideally, will either provide a suitable record upon which a recommendation regarding the apportionment can be made, or, instead, signal that an evidentiary hearing is required to more completely explore the relevant factors to be considered in making a just apportionment.[2] *Cf. Ballow Brasted O'Brien & Rusin P.C.*, 435 F.3d at 235 (affirming district court's decision in an attorney-fee dispute that was issued on summary judgment following discovery).

IV. <u>SUMMARY AND ORDER</u>

To meaningfully apply the test necessary to determine the extent of Attorney Benjamin's charging lien under N.Y. Judiciary Law § 475, the court needs further evidence that demonstrates the relative measure of work performed by the attorneys in this action, and how that work affected the result ultimately achieved, as well as any additional pertinent information concerning the attorneys' respective levels of skill and experience. In order to permit a full development of the record in connection with those factors, I will permit limited discovery to occur in the

---

[2] Notably, although F&P now argues that Attorney Benjamin's request for attorney fees should be denied, Dkt. No. 72 at 10, it did, at the outset of this dispute, acknowledge that the proper means of attaining a charging lien is requesting the court to hold an evidentiary hearing. *See* Dkt. No. 70 at 1.

9

case, following which the parties will be required to file more complete submissions with the court. After the court reviews these additional submissions, it will determine whether an evidentiary hearing is necessary to decide the amount of Attorney Benjamin's charging lien.

Based upon the foregoing, it is hereby

ORDERED, as follows:

(1) Each party to the instant fee dispute will be entitled to take limited discovery in this matter. All such discovery must be completed not later than February 15, 2013.

(2) The discovery permitted hereunder may include use of interrogatories, not to exceed ten in number, service of requests for the production of documents, also not to exceed ten in number, and the taking of one deposition per side. Specifically, F&P is authorized to depose Attorney Benjamin, and Attorney Benjamin is permitted to depose a witness produced by F&P, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, that possesses full knowledge of the legal services rendered by that firm on behalf of the plaintiff in this action. Neither deposition is to exceed three hours each in duration, and each is to be taken at or near the place of business of the witness being examined, or

at such other place upon which the parties agree.

3) Following the close of discovery, as permitted above, the parties are directed to file further submissions in connection with Attorney Benjamin's request for apportionment of the resulting fee in this case, as follows:

| | |
|---|---|
| Attorney Benjamin's Initial Submission | March 1, 2013 |
| F&P's Response | March 15, 2013 |
| Court Hearing Concerning Attorney Benjamin's Fee Application (if necessary) | April 3, 2013 at 11:00AM in Syracuse, NY |

Dated: December 18, 2012
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge